UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-13184-AYP Date: November 23, 2026

Title Aleen Nalbandian v. Andre Quinones et al

Present: The Honorable: ANNA Y. PARK, UNITED STATES MAGISTRATE JUDGE

| M. Pogosyan | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondents: |
|---|---|
| n/a | n/a |

**Proceedings: (In Chambers) ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS (DKT. NO. 1)**

On November 10, 2026, Aleen Nalbandian (A#245-276-326) ("Petitioner"), a noncitizen in immigration custody at the Los Angeles ICE Immigration and Customs Enforcement ("ICE") Field Office, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition," Dkt. No. 1). Petitioner seeks immediate release, asserting that her sudden re-detention on November 10, 2026—absent notice or an informal interview at which she could challenge the reasons for her re-detention—violates Fifth Amendment Due Process.

On November 12, 2026, Petitioner consented to proceed before the Magistrate Judge, in accordance with Title 28 Section 636(c) and F.R.CIV.P 73(b). (Dkt. No. 4.) On November 12, 2026, the Court issued a Notice of General Order 26-05 and Briefing Schedule that requires Respondents to file an Answer to the Petition by no later than seven days from the date of the Notice. (Dkt. No. 6.) To date, Respondents have failed to appear, and have not filed an answer or otherwise communicated with

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-13184-AYP Date: November 23, 2026

Title Aleen Nalbandian v. Andre Quinones et al

the Court. In light of the absence of an Answer, the Court deems the Petition unopposed.

For the reasons set forth below, the Court ORDERS that the Petition be GRANTED, and a writ of habeas corpus be issued requiring Petitioner's immediate release and prohibiting future re-detention absent adequate pre-deprivation notice and an individualized hearing.

Petitioner asserts that she was born in Lebanon but is a citizen of Syria. (Pet. at ¶ 2.) Petitioner represents that she has lived in the United States since 1988. (Pet. at ¶ 3.) Petitioner contends that her parents filed for asylum and her asylum application was denied. *Id.* Petitioner asserts that her family was granted voluntary departure on June 12, 1995, and that she received an alternate order of removal to Lebanon. *Id.*

Petitioner represents that she was taken into ICE custody and detained in downtown Los Angeles, in July of 2025. (Pet. at ¶ 4.) Petitioner asserts that she was subsequently transferred to two detention centers in Arizona and that her attorney notified the U.S. Attorney in Phoenix, Arizona that she intended to file a habeas petition due to the unlawfulness of Petitioner's detention while in valid Temporary Protected Status ("TPS"). *Id.* Petitioner contends that she had been granted TPS until July of 2026. *Id.* Petitioner asserts that ICE released Petitioner from custody prior to the filing of the habeas petition. *Id.*

Petitioner asserts that when ICE released her in 2025, she was placed on an

Order of Supervision ("OSUP"). (Pet. at ¶ 5.) Petitioner further contends that she filed a motion to reopen her removal proceedings based on her fear of removal to Syria as a Christian woman. *Id.* Petitioner represents that she continued to attend ISAP and ICE appointments after her TPS was terminated on July 27, 2026. (Pet. at ¶ 6.) Petitioner asserts that she was detained and taken into immigration custody at an ICE check-in on November 10, 2026. *Id.*

Petitioner asserts that an ICE officer told her that they were going to detain her and that they were going to try to obtain travel documents for her. (Pet. at ¶ 6.) Petitioner represents that the ICE the officer presented her with a Form I-205, Warrant of Removal/Deportation and a Form I-229a, warning her of the consequences of failing to depart. *Id.* Petitioner further asserts that she was not provided with a Notice of Revocation of Release or an informal interview at which she could challenge the reasons for her re-detention. (Pet. at ¶ 7.) Petitioner remains in custody at the Los Angeles ICE Field Office as of the filing of the Petition. (Pet. at ¶ 18.)

Petitioner has a protected due process interest in being released, as she has lived in this country for approximately thirty-eight (38) years and was released by ICE on parole. *See Zadvydas v. Davis*, 533 U.S. 678, 679 (2001) ("[T]he Due Process Clause applies to all persons within the United States, including [noncitizens], whether their presence is lawful, unlawful, temporary, or permanent."); *see also Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1033 (N.D. Cal. 2025) (petitioner has

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-13184-AYP Date: November 23, 2026

Title Aleen Nalbandian v. Andre Quinones et al

substantial private interest in remaining in her home, continuing her employment and maintaining her community ties).

What process was due is assessed under *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), weighing (1) the private interest affected, (2) the risk of erroneous deprivation under the procedures used and the probable value of additional safeguards, and (3) the Government's interest, including the burdens of added process. The test is flexible and must account for the heightened governmental interest in the immigration detention context. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206-07 (9th Cir. 2022).

Because Respondents elected not to respond to the Petition, the record is devoid of any evidence or argument of a significant government interest in detaining Petitioner. Thus, it is uncontroverted that Petitioner has a significant due process interest in being released, she has complied with the terms of her release, and poses no apparent risk of flight or danger to the community. Considering the record before the Court and Respondents' non-opposition, Petitioner has sufficiently alleged a procedural due process claim because the *Mathews* factors all favor Petitioner. Thus, the Court concludes Petitioner is entitled to relief on her procedural due process claim, and immediate release is warranted.

Accordingly, the Court GRANTS the Petition and ORDERS Respondents to release Petitioner Aleen Nalbandian (A#070-076-549) from immigration custody immediately.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-13184-AYP Date: November 23, 2026

Title Aleen Nalbandian v. Andre Quinones et al

**Respondents** shall return to Petitioner any of Petitioner's personal belongings that were seized from her, including all identification, work authorization, or other official documents.

It is further ORDERED that Petitioner shall be returned to the same release conditions in place prior to her current detention. Respondents shall file a "Notice of Release" within three days of the entry of this Order. The Notice shall include confirmation of the return of the above-named belongings.

Additionally, Respondents are ENJOINED from re-detaining Petitioner absent strict compliance with the requirements of due process and all applicable statutes and regulations.

**IT IS SO ORDERED.**

:

**Initials of Preparer** mp